UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN GUZMAN; ANDRE ANTROBUS,

               Plaintiffs,

-against-

NEW YORK CITY; NEW YORK STATE,

               Defendants.

25-CV-3338 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Brian Guzman and Andre Antrobus, proceeding *pro se*, are currently held in the George R. Vierno Center on Rikers Island. Plaintiffs bring this action under the Court's federal question jurisdiction, asserting "fraud." (ECF No. 1 at 3.) By Order dated August 19, 2025, the Court granted Plaintiff Brian Guzman's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (ECF No. 5.) For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners who seek relief against a governmental entity, or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

The following facts are drawn from the complaint.[2] (ECF No. 1.) According to Plaintiffs, the "sale of manhattan island is a Fraud which nulls and voids the owner ship of manhattan Island new york city to new york state and beyond etc!" (*Id.* at 5.):

> so call indigeous people from a migrating tribes man not original discoverer sold manhattan island for few trinkets and a small amount of strong drink and got Bronx and staten island included By Peter Miniut who probably gave so call indians drink before the sale so they can be intoxicated. Also African Artifacts are oldest carbon dated in america "as to claim under discoverer decree" "as in any country around the Globe" when one enters on land to make a location there is another location in Full Force which entitles its owner to the exclusive possession" and sole ownership, which shows the Africans where here first as in your words "sole ownership and unconditional "duorum in solidum dominuim vel possession esse not potest"

(*Id.*)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

In the "Injuries" section of the form complaint, Plaintiffs assert "Lack of finances, mental angiush, emotional distress, emotional." (*Id.* at 7.)  They seek "38,000,000,000,000.00" in punitive damages, "38 qaudrillion" dollars in "compensative" damages, and an injunction against Defendants "to cease and desist all functions and release acqiusition." (*Id.*)

## DISCUSSION

A.   **Andre Antrobus**

To proceed with a civil action in this Court, a prisoner must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or submit a signed IFP application and a prisoner authorization to request authorization to proceed without prepayment of fees.  *See* 28 U.S.C. §§ 1914, 1915.  In addition, Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."  The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)."  *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Antrobus, who is listed as a plaintiff in the caption of the complaint, did not sign the complaint form, pay the filing fees, or seek leave to proceed IFP.  Ordinarily, the Court would give Antrobus an opportunity to cure these deficiencies.  The Court declines to do so, however, because Antrobus is barred, under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing any new action IFP while he is a prisoner.  *See*

3

*Antrobus v. Dep't of Corr.*, No. 24-CV-9474, ECF No. 6 (S.D.N.Y. Jan. 27, 2025) (Swain, C.J.) (Bar Order listing strikes against Antrobus).[3]

As discussed below, the complaint does not assert that Antrobus is in imminent danger of serious physical injury. Because Antrobus is barred from proceeding IFP, and has not alleged facts suggesting that he is in imminent danger, the Court dismisses any claims filed on his behalf without prejudice.

**B.  Brian Guzman**

Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonans for Off. Eng. v. Ariz.*, 520 U.S. 43, 64 (1997). To demonstrate standing, a plaintiff must show that: (1) he or she has personally suffered some actual or threatened injury as a result of the defendant's alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). The burden of establishing standing to sue rests

---

[3] Section 1915(g) provides that:

In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

4

with the party or parties bringing the action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

In the complaint, Guzman alleges that a "fraud" occurred when the island of Manhattan was sold for "trinkets" and alcohol. (ECF No. 1 at 5.) These assertions are not legal claims because they lack factual support showing that a defendant caused Guzman to suffer an actual injury that is redressable by a federal court. He therefore lacks standing to bring this action. The Court therefore dismisses Guzman's claims for lack of subject matter jurisdiction. *See Mahon*, 683 F.3d at 62 ("If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." (citation omitted)).

**C.     Leave to Amend Is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiff Guzman cannot cure the defects in his complaint, the Court declines to grant him leave to amend.

## CONCLUSION

The Court denies Andre Antrobus's request to proceed IFP, and dismisses his claims without prejudice under the PLRA's "three-strikes" rule.[4] *See* 28 U.S.C. § 1915(g). Antrobus

---

[4] Antrobus may commence a new action by paying the filing fee. If he does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3]  *Id.*

The Court dismisses without prejudice the claims brought by Brian Guzman, under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:   September 15, 2025
         New York, New York

                                              /s/ Kimba M. Wood
                                              KIMBA M. WOOD
                                              United States District Judge

---

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions without first obtaining leave from the Court, even if the filing fee is paid.  *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including the "leave of court" requirement).